# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONNI PICHARDO,

    Plaintiff,

v.

AMERIGROUP CORPORATION,

    Defendant.

Case No. 2:17-cv-0276-RFB-CWH

**ORDER**

Presently before the Court is Defendant Amerigroup Corporation's motion to stay (ECF No. 20), filed on May 5, 2017. Plaintiff Ronni Pichardo filed a response (ECF No. 24) on May 19, 2017, and Amerigroup filed a reply (ECF No. 26) on May 26, 2017.

Defendant moves to stay this case pending the D.C. Circuit Court's decision in *ACA Int'l v. Fed. Commc'ns Comm.*, No. 15-1211 (D.C. Cir. 2015). Defendant argues that since the decision may resolve several issues central to this case, a stay of all proceedings should be granted until the decision is announced. Plaintiff opposes a stay, arguing the outcome of *ACA International* is unlikely to effect this case, that the delay from a stay may be substantial, and that it would be harmed by any delay.

**I.**    **Legal Standard**

Courts have authority to stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). To determine whether a stay is appropriate in a particular case, a court must "weigh competing interests and maintain an even balance." *Id.* However, "if there is even a fair possibility that the stay will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, Plaintiff has brought a claim alleging that Defendant made unsolicited, automated calls to her using an artificial or prerecorded voice in violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act (TCPA). Concurrent to this litigation, the D.C. Circuit Court is considering *ACA International*, a consolidated case involving challenges of the FCC's current interpretation of the TCPA from multiple Circuits Courts. At issue in *ACA International* is, *inter alia*, the definition of an automatic telephone dialing system (ATDS). The D.C. Circuit's ruling on these questions will be binding in this and all other Circuits. *See GTE S., Inc. v. Morrison*, 199 F.3d 733, 743 (4th Cir. 1999).

Upon review of the parties' briefs, the Court finds that the questions raised by *ACA International* are central to the resolution of this case. Plaintiff argues that since her claim not only alleges use of an ATDS but also an artificial or prerecorded voice, her claim can proceed independently regardless of the outcome in *ACA International*. This may be true, but Plaintiff's claims do call into question Defendant's use of an ATDS. The Court is therefore convinced that the definition of an ATDS will be a central issue in this case. Since the D.C. Circuit's decision on these questions will be binding on this Court, waiting for the decision in *ACA International* would simplify the issues in this case significantly, and prevent the parties from litigating issues that may later become moot.

Still, the Court must also consider the potential for prejudice to the Plaintiff. Here, the Court finds that the potential for prejudice to Plaintiff is minimal. Oral arguments were held in *ACA International* on October 19, 2016, so a decision is likely to come out in a matter of a few months. Plaintiff does not articulate any harm that would result from such a stay, other than the harms inherent to any delay. While the Court appreciates Plaintiff's desire to proceed with her case, litigants may be subject to delays that are "not immoderate in extent and not oppressive in [their] consequences" in the interest of convenience or public welfare. *Landis,* at 256. The potential duration of a stay in this case is modest, despite Plaintiff's argument that the case will likely be resolved only after an appeal to the Supreme Court, which could take more than a year. A stay in this case would only apply for the duration of the appeal to the D.C. Circuit, any further appeal is

irrelevant to the instant motion.  Given the lack of any particular harm to Plaintiff, the Court finds that the benefits of a stay in this case outweigh the potential for prejudice.

        IT IS THEREFORE ORDERED that Defendant's motion to stay (ECF No. 20) is GRANTED.  After the decision in *ACA International* is announced either party may request that the stay be lifted.

        DATED: June 8, 2017.

                                                                    _____
                                                                  C.W. Hoffman, Jr.
                                                                  United States Magistrate Judge